IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL IXTOS TZAJ,<br>*Petitioner*,<br>v.<br>LEONARD ODDO, *et al*,<br>*Respondents*. | Civil Action No. 3:26-cv-1790<br>Hon. William S. Stickman IV |

**ORDER OF COURT**

This is Petitioner's second petition for writ of habeas corpus. (ECF No. 1). He wants another bond hearing before an immigration judge where Respondents must demonstrate by clear and convincing evidence that his continued detention is justified, or to be released. Petitioner, a native and citizen of Guatemala, is currently in immigration detention at Moshannon Valley Processing Center ("MVPC") pending ongoing removal proceedings. For the following reasons, the Court will deny his second petition.

Petitioner filed his first habeas petition on March 20, 2026, at Case No. 3:26-cv-00494 requesting that he receive a bond hearing or be released from immigration custody. On March 31, 2026, the Court granted his petition in part and ordered that he receive an individualized bond hearing. (Case No. 3:26-cv-00494, ECF Nos. 11 and 12). Petitioner received a bond hearing on April 2, 2026, and he was deemed to be a flight risk by the immigration judge and denied bond. (Case No. 3:26-cv-00494, ECF Nos. 13-1).

On April 1, 2026, an immigration judge ordered Petitioner to be removed from the United States. Petitioner filed an appeal to the Board of Immigration Appeals ("BIA"), and on August 28, 2026, the BIA dismissed the appeal. (ECF No. 8-2). On September 4, 2026, Petitioner filed

a Petition for Review in the United States Court of Appeals for the Second Circuit. (ECF No. 1, Exhibit D). That appeal remains pending.

Petitioner believes that his detention has become unreasonable and that he should be afforded another bond hearing. The Court disagrees. In this circuit, there is a non-exhaustive list of four factors to consider in assessing whether detention has grown unreasonable: 1) duration of detention; 2) whether the detention is likely to continue; 3) the reasons for the delay; and 4) whether the conditions of confinement are meaningfully different from criminal confinement. *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203. 211 (3d Cir. 2020).

Petitioner has been detained for over less than a year as taken into immigration custody on November 24, 2025. He received a bond hearing on April 2, 2026, and deemed to be a flight risk. On April 1, 2026 an immigration judge ordered Petitioner to be removed from the United States. Petitioner pursued an unsuccessful appeal to the BIA, and is now seeking review from the Second Circuit. Thus, his removal order is stayed. The Court finds that there are no bad-faith delays attributable to Respondents, and Petitioner has conceded this fact. (ECF No. 1, p. 8). And Petitioner has not shown that his removal proceedings will be unreasonably prolonged. Lastly, as for his conditions of confinement, while Petitioner believes that the conditions at MVPC are "akin to criminal incarceration" (*Id.* at 9), the Court disagrees. He has not demonstrated to the Court's satisfaction that his current conditions of detention are unduly punitive or otherwise quasi-criminal in nature. In fact, he has come forth with no evidence or information about his conditions of detention. MVPC only houses immigration detainees. Petitioner's alleged conditions are far from the conditions that the petitioner experienced in *German Santos*, where that petitioner was housed with criminal detainees and "confined to his cell for twenty-three hours per day." *German Santos*, 965 F.3d at 212-13.

In sum, the Court concludes that Petitioner's continued detention has not become constitutionally unreasonable or risen to a due process violation. Petitioner is not entitled to a second bond hearing just because his detention has reached a particular length. The Court holds that Petitioner's detention remains warranted.

AND NOW, this 20th day of October 2026, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is DENIED.

BY THE COURT:

*/s/William S. Stickman IV*
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE